MILLER, Judge.
Plaintiffs Mr. and Mrs. Dewitt W. Galli-neau appeal the dismissal of their claim for the death of their teenage son, Gerald. He was walking home when struck on the highway by a hit and run driver who was never identified. Defendant Travelers Indemnity Company carried uninsured motorist coverage on plaintiffs’ automobile. Although there was no eye witness, the trial court denied recovery on finding Gerald contributorily negligent. We reverse.
The accident occurred about 8:45 p. m. on February 26, 1973. It was dark but the weather was clear and the roadway dry. Gerald had worked that day and was walking home from the Air Base. He was wearing blue jeans and a light colored shirt. His body was found about two feet from the travelled portion of Louisiana 1.
The highway was being converted to a four lane divided highway, and construction in that area was almost completed, but only the original (easternmost) two-way highway was being used. It had hardsur-faced shoulders. Assuming Louisiana 1 runs north and south at that point, the accident occurred at the first intersection south of the point where Air Base traffic enters Highway 1, and Gerald’s body came to rest at the second intersection some 130' to the south. There is no manifest error in the trial court’s finding Gerald usually walked across the highway near the first intersection south of the Air Base intersection.
Gerald’s body was found on the west portion of the paved shoulder. His feet we're two feet west of the west edge of the travelled portion of the southbound lane and his body was to the west of his feet. The investigating officer’s report stated “Pedestrian was walking on roadway and was apparently struck by a southbound truck. The body was carried approximately 134 feet.” The officer found skid marks from one set of dual wheels and surmised these were laid down by the left rear dual wheels of a truck. The skid-marks were 221 feet long and commenced (near the centerline) nine, feet east of the west edge of the southbound lane, 134 feet north of the point where the body was found. The marks veered from the starting point gradually to the west (the driver’s right) where the mangled body was found. The skid marks left the travelled portion of the highway some 3(7 north of the point where the body was found. The skidmarks continued 87 feet from the point where the body was found and from that point veered slightly to the driver’s left.
Although the investigating officer did not find marks on the highway (blood, torn clothes, debris, etc.) to support his theory impact occurred on the travelled portion of the highway, the condition of Gerald’s body supports the trial court’s holding he was struck some distance from the point where his body was found. Since skidmarks started in the travelled portion of the highway the trial court held Gerald was on the highway when struck.
The trial court concluded the single set of dual wheel skidmarks were laid down by the left rear dual wheels of a truck; that the driver braked and veered to the right when he saw Gerald in his traffic lane; and that Gerald was in the truck’s lane of traffic when he was struck and carried and/or run over by the truck. The trial court stated: “It appears . . . more likely than not that what the truck driver saw was the deceased on the highway.” Tr. 9.
Travelers stipulated the truck driver was negligent because the unidentified driver was guilty of hit and run driving.
Plaintiffs argue the trial court failed to apply the established presumption the deceased acted with due care for his *410 own safety. The nature of a presumption is an inference based on facts. 31A C.J.S. “Evidence” § 114. In this case the presumption is based on a knowledge of human nature absent specific facts to the contrary. It would appropriately be presumed decedent did not enter the highway in the face of the oncoming vehicle.
The trial judge’s conclusion decedent was in the highway when struck is based solely on the physical findings at the accident scene. No blood was found on the highway. Decedent’s wallet was lying beside the body. There was no physical evidence to indicate the point of impact.
The skid marks can be explained by other hypotheses. An oncoming vehicle may have entered the truck driver’s lane. The driver would have braked and veered to the right to avoid the collision. The truck driver could have hallucinated and reacted to a nonexistent situation. The truck driver could have been drunk and reacted to a nonexistent situation. The driver’s act in leaving the scene suggests this possibility. The driver may have attempted to avoid another pedestrian, dog, or foreign object in his lane, and failed to see Gallineaux in time to stop his evasive maneuver. The single set of dual skid marks could have been laid down by the truck’s right rear wheels.
Decedent’s presence in the highway was one plausible explanation. However, since defendant stipulated negligence on the part of the unknown truckdriver, defendant has the burden of proving decedent’s contributory negligence. Defendant relies on circumstantial evidence and that circumstantial evidence must exclude all other reasonable hypotheses “with a fair amount of certainty.” Gassiot v. Gordey, 182 So.2d 170, 175 (La.App. 3 Cir. 1966).
Since decedent’s presence in the road is not the only reasonable hypothesis to explain the physical findings at the scene, defendant failed to carry the burden of proving contributory negligence.
Negligence on the part of the driver was stipulated as was damages in the amount of $10,000.
We reverse the judgment dismissing plaintiffs’ claim and render judgment awarding plaintiffs damages in the amount of $10,000 and casting defendant to pay that amount together with legal interest from date of demand. Costs at trial and on appeal are assessed to defendant appel-lee.
Reversed and rendered.